UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZARCONIA SHELTON,

    Plaintiff,

v.

Case No. 23-cv-13314
Honorable Linda V. Parker

CREDIT CORP SOLUTIONS INC.,
CONVERGENT OUTSOURCING INC.,
and VENGROFF WILLIAMS INC.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NO. 12)

### Background

On December 29, 2023, Plaintiff filed this lawsuit against Defendants alleging violations of the Fair Credit Reporting Act. (ECF No. 1.) Plaintiff stipulated to the dismissal of her claims against Defendant Credit Corp Solutions Inc. on March 6, 2024 (ECF No. 9), and to the dismissal of her claims against Defendant Vengroff Williams Inc. on May 20, 2024 (ECF No. 21.) On April 30, 2024, she filed a motion for Default Judgment against Defendant Convergent Outsourcing Inc. ("COI"). (ECF No. 12.)

## Discussion

Plaintiff's motion for a default judgment against COI must be denied. First, Plaintiff failed to request and obtain a clerk's entry of default against COI before filing the motion, as required under Federal Rule of Civil Procedure 55. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352-53 (6th Cir. 2003) (quoting *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002)); *McGarity v. Birmingham Pub. Schs.*, No. 20-2176, 2021 WL 4568050, at *3 (6th Cir. Sept. 7, 2021) (citing Fed. R. Civ. P. 55(a) and (b)(1)). Second, as discussed further in the next paragraph, Plaintiff's proof of service does not reflect that she properly served COI. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (explaining that a default judgment is void if the court lacked jurisdiction over the party due to ineffective service). Third, COI has filed an Answer to the Complaint (ECF No. 18), which would render the entry of a default judgment inappropriate now, *see* Fed. R. Civ. P. 55(a).

With respect to service, to demonstrate service on COI, Plaintiff submitted a United States Postal Service "green card" reflecting the signature of someone who received delivery for COI. (*See* ECF No. 11 at PageID. 26.) There is no date of delivery indicated, however. More importantly, the manner of service does not comply with the Federal Rules of Civil Procedure.

2

Pursuant to Federal Rule of Civil Procedure 4(h), service on COI could be accomplished in the manner prescribed under Michigan law or "by *delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires— by *also* mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1) (emphasis added). Delivery means personal service on the appropriate individual, not service by mail. *See Christian v. Fed. Home Loan Mortg. Corp.*, No. 13-13795, 2016 WL 1640459, at *2 (E.D. Mich. Apr. 26, 2016) ("Notably, courts have interpreted 'deliver[y]' under [Rule 4 of the Federal Rules of Civil Procedure] as requiring personal service on the appropriate agent.") (citing *Etherly v. Rehabitat Sys.*, No. 1311360, 2013 WL 3946079, at *5 (E.D. Mich. July 31, 2013); *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009); *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000)); *see also Gilliam v. Cnty. of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004) (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)).

Under the Michigan Court Rules, service on COI could be accomplished by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;

> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a

3

copy of the complaint by registered mail, addressed to the principal office of the corporation;

(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if

(a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;

(b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or

(c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D). " 'Serving' under Rule 2.106(D) requires personal service." *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at * 4 (6th Cir. Oct. 24, 2022) (collecting cases); *see also Apostolic Pentecostal Church v. Colbert*, 169 F.3d 409, 414 (6th Cir. 1999). Therefore, except in the limited circumstances in Michigan Court Rule 2.105(D)(4)(a)-(c)—which do not appear to apply here—these rules do not permit service by mail, only.[1]

---

[1] Moreover, even where service by mail is permitted, it must be by "registered mail." *See* Mich. Ct. R. 2.105(D)(2), (4). The "registered mail" boxes on the green card submitted by Plaintiff to reflect service on COI are not checked. (*See*

4

Plaintiff's filings reflect that she has attempted to serve COI only by mail. (ECF No. 11 at PageID. 26.)  Her failure to properly serve COI is now moot, as COI filed an Answer and has not contested jurisdiction.

## Conclusion

For the reasons discussed above, the Court is denying Plaintiff's motion for default judgment as to Defendant Convergent Outsourcing Inc.  (ECF No. 12.)

**SO ORDERED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: May 28, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 28, 2024, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager

---

ECF No. 11 at PageID. 26.)  The same flaw exists with respect to Plaintiff's service on VWI.  (*See* ECF No. 15 at PageID. 38.)